### AMERMAN *v.* DEANE.

*(Superior Court of New York City, General Term.* April 21, 1890.)

BREACH OF COVENANT—DAMAGES.

A block owner conveyed the lots to several grantees, each deed containing a covenant, running with the land, that neither the grantee nor his assignee would erect a tenement-house on the land. In an action by one lot-owner against another for damages for breach of such covenant, no evidence was introduced as to the damage caused by the erection of the tenement-house to the value of the occupation of plaintiff's property, nor was there any that she wished or had wished to sell same. *Held,* that it was error to charge that plaintiff was entitled to recover as damages the difference in value of her house as it was affected by the tenement-house, and the value it would have possessed if defendant's lot had remained vacant.

On motion for reargument. For former report, see 6 N. Y. Supp. 542.

Action by Mary V. Amerman against Bertha A. Deane for an injunction and damages. Judgment for plaintiff below reversed on appeal.

Argued before SEDGWICK, C. J., and FREEDMAN, J.

*John H. Deane,* for appellant.    *W. J. Townsend,* for respondent.

PER CURIAM. The opinion written in the case did not by any expression recognize the fact that equity is said to give fuller compensation than is gained by an action at law. That did not affect the substance of the decision, which intended to affirm that neither equity nor law would give as damages what in reality was not damages. Motion denied, with $10 costs.